UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60979-CIV-COHN
(ADV. NO. 13-01860-RBR)

In re BANYON 1030-32, LLC,
BANYON INCOME FUND, LP,

    Debtors.
_____/

ROBERT C. FURR, not individually but as
Chapter 7 Trustee of the estates of Debtors Banyon
1030-32, LLC and Banyon Income Fund, LP,

    Plaintiff,

vs.

GENERAL ELECTRIC CAPITAL CORPORATION
d/b/a GE COMMERCIALFINANCE REAL ESTATE,
GE BUSINESS FINANCIAL SERVICES, INC. d/b/a
GE COMMERCIAL FINANCE REAL ESTATE,
GE CAPITAL MARKETS, INC., GEMSA
LOAN SERVICES, LP and VILLANUEVA,
BAJANDAS & FITZGERALD, LLP,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO WITHDRAW
## REFERENCE TO BANKRUPTCY COURT

**THIS CAUSE** is before the Court on Defendant Villanueva, Bajandas & Fitzgerald, LLP's Motion to Withdraw the Reference and Demand for Jury Trial in the District Court [DE 1]. The Court has carefully considered the Motion and Plaintiff's Response [DE 2-2], and is otherwise fully advised in the premises.

On November 27, 2013, Plaintiff Robert C. Furr, as the Chapter 7 Trustee of the estates of Debtors Banyon 1030-32, LLC and Banyon Income Fund, LP, filed this adversary proceeding seeking to recover alleged fraudulent transfers that Defendant

received from the Debtors.  On March 14, 2014, Defendant filed in the Bankruptcy Court its Motion to Withdraw the Reference and Demand for Jury Trial in the District Court.[1]  On April 25, 2014, Defendant's Motion was transmitted and filed in this Court.

A district court "may withdraw, in whole or in part, any case or proceeding referred [to the Bankruptcy Court], on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  The Eleventh Circuit has emphasized that the need to show cause for withdrawing a bankruptcy reference "is not an empty requirement."  Dionne v. Simmons (In re Simmons), 200 F.3d 738, 741 (11th Cir. 2000).  Rather, in determining whether sufficient cause exists for withdrawing a reference, "a district court should consider such goals as advancing uniformity in bankruptcy administration, decreasing forum shopping and confusion, promoting the economical use of the parties' resources, and facilitating the bankruptcy process."  Id. at 742 (internal quotation marks omitted).

Here, Defendant moves to withdraw reference of this adversary proceeding in its entirety.  First, with regard to trial, Defendant correctly notes that it is entitled to a jury trial on Plaintiff's fraudulent-transfer claims.  See Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36 (1989) (holding that a party who has not submitted a claim against the bankruptcy estate has a Seventh Amendment right to jury trial in an action by the trustee to recover fraudulent transfers).  Because Defendant has demanded a jury trial and has not consented to a jury trial before the Bankruptcy Court, see 28 U.S.C. § 157(e), the Court finds it necessary to withdraw the reference for purposes of trial.

---

[1] In accordance with a standing order, all bankruptcy-related cases in this District are referred to the Bankruptcy Court.  See S.D. Fla. L.R. 87.2.  A party, however, may move to withdraw the reference.  See S.D. Fla. L.R. 87.3.

See Stettin v. Centurion Structured Growth LLC, No. 11-60400-CIV, 2011 WL 7413861, at *2-*4 (S.D. Fla. Dec. 19, 2011) (partially withdrawing reference of fraudulent-transfer action in view of defendants' right to jury trial).

Defendant contends, however, that the Court should at least limit its withdrawal by leaving intact its reference to the Bankruptcy Court for all pretrial matters up through and including all dispositive motions and judgments in this core proceeding.  Given the Bankruptcy Court's familiarity with this action and the bankruptcy matter to which it relates, the Court agrees with Defendant.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Villanueva, Bajandas & Fitzgerald, LLP's ("VBF") Motion to Withdraw the Reference and Demand for Jury Trial in the District Court [DE 1] is **GRANTED in part and DENIED in part** as follows:

1. The bankruptcy reference of this adversary proceeding is **WITHDRAWN** for purposes of trial only.  Calendar Call will be held before this Court on July 10, 2014, at 9:00 a.m., and trial is set for the two-week trial period commencing at 9:00 a.m. on July 14, 2014.

2. The bankruptcy reference remains in place, however, for all other purposes, including all pretrial matters up through and including dispositive motions and judgments.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of April, 2014.

JAMES I. COHN
United States District Judge

Copies provided to:
United States Bankruptcy Judge Raymond B. Ray
Counsel of record via CM/ECF